Filed 5/28/2024 1:23 PM
Sherry Griffis
District Clerk
Harrison County, Texas

Lori Hightower
Deputy

CAUSE NO. <u>24-0484</u>

| | | |
|---|---|---|
| KRISTEN LECHELLE WELCH | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§<br>§<br>§ | HARRISON COUNTY, TEXAS |
| STEADY FLEET LOGISTICS<br>AND BHAVDIP GORDHAN BHAYANI | §<br>§ | 71ST JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, KRISTEN LECHELLE WELCH, hereinafter called Plaintiff, complaining of STEADY FLEET LOGISTICS and BHAVDIP GORDHAN BHAYANI, hereinafter called Defendants, and for cause of action would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

#### I.

Discovery in this cause of action is intended to be conducted under Level 3 of Rule 190.4, Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

#### II.

Venue is proper in Harrison County pursuant to Chapter 15, Texas Civil Practice and Remedies Code, in that this is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

Jurisdiction is proper in this Court in that this is a lawsuit seeking damages in excess of

---

Plaintiff's Original Petition                                                                 Page 1

Copy from re:SearchTX

the minimum jurisdictional limits of the district courts of the State of Texas.

## PARTIES AND SERVICE

### III.

Plaintiff, KRISTEN LECHELLE WELCH, resides in Marshall, Texas. The last three digits of Plaintiff's driver's license number are 498. The last three digits of Plaintiff's social security number are 539.

Defendant, STEADY FLEET LOGISTICS, is a foreign corporation that engages in business in the State of Texas. Upon information and belief, Defendant is organized under the law of the State of California. Defendant was required to appoint a registered agent to receive service of process in the State of Texas under the laws of the State of Texas but has failed to do so. This lawsuit arises out of an incident which occurred on or about June 21, 2022, in Harrison County, Texas, in connection with a motor vehicle collision that occurred in Harrison County, Texas, involving an employee of Defendant, STEADY FLEET LOGISTICS. In this regard, Defendant, STEADY FLEET LOGISTICS, for all purposes herein, was doing business in the State of Texas on the date of said accident and has failed to appoint an agent for service of process in the State of Texas. Under Section 5.251 of the Texas Business Organizations Code, the Secretary of State of Texas is an agent of an entity for purposes of service of process if the entity fails to appoint or does not maintain a registered agent in this state. According to the records of the Secretary of State of Texas, Defendant, STEADY FLEET LOGISTICS, does not maintain a registered agent in this state. Therefore, pursuant to Section 17.044 of the Texas Civil Practice and Remedies Code, substituted services on Defendant should be made by serving the Secretary of State of Texas, Service of Process, P.O. Box 12079, Austin, Texas

---

Plaintiff's Original Petition                                                                                    Page 2

Copy from re:SearchTX

78711 – 2079, and forwarded to Defendant's Chief Executive Officer/Secretary/Chief Financial Officer, Antonina Garza, at 18343 Blue Sky Street, Riverside, California 92508, by certified mail, return receipt requested.

Defendant, BHAVDIP GORDHAN BHAYANI, resides at 18343 Blue Sky Street, Riverside, California 92508, and may be served with process at this address or wherever he may be found.

FACTS AND CAUSES OF ACTION

IV.

At approximately 6:13 a.m. on June 21, 2022, Plaintiff was traveling in a 2010 Lexus, westbound in the inside lane on Interstate Highway 20, in Harrison County, Texas. Defendant, BHAVDIP GORDHAN BHAYANI, was operating a 2016 Volvo Truck tractor owned and/or leased by Defendant, STEADY FLEET LOGISTICS, and towing a 2018 Hyundai Translead Trailers trailer owned and/or leased by Defendant, STEADY FLEET LOGISTICS, while in the course and scope of his employment with Defendant, STEADY FLEET LOGISTICS, westbound in the outside lane of Interstate Highway 20, alongside or coming up alongside Plaintiff, in Harrison County, Texas. Suddenly and without warning, Defendant, BHAVDIP GORDHAN BHAYANI, failed to control the speed of his vehicle, failed to maintain his vehicle in a single lane and began entering Plaintiff's lane of travel, causing Plaintiff to take evasive action and move to the grassy median of the highway, then causing Plaintiff to travel back onto the highway, causing Plaintiff to collide with Defendants' trailer, subjecting Plaintiff to tremendous force.

Plaintiff's Original Petition                                                                                    Page 3

Copy from re:SearchTX

V.

Defendant, BHAVDIP GORDHAN BHAYANI, was negligent in various acts and omissions, which negligence was the proximate cause of the occurrence in question which includes, but is not limited to, the following:

1. Violating Section 545.060 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads in pertinent part:

   (a) An operator on a roadway divided into two or more clearly marked lanes for traffic:
   > (1) shall drive as nearly as practical entirely within a single lane; and
   > (2) may not move from the lane unless that movement can be made safely.

2. Violating Section 545.103 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads in pertinent part:

   An operator may not turn the vehicle to enter a private road or driveway, otherwise turn the vehicle from a direct course, or move right or left on a roadway unless movement can be made safely.

3. Violating Section 545.351 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads in pertinent part:

   (a)   An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.

   (b) An operator:

   > (1)  may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

   > (2)  shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.

4. Failing to keep a proper lookout;
5. Failing to timely apply brakes;
6. Failing to pay proper attention to driving;

---

Plaintiff's Original Petition <span style="float:right">Page 4</span>

Copy from re:SearchTX

7.   Being a distracted driver;
8.   Failing to pay proper attention to driving, including but not limited to distraction by use of cell phone or other mobile or electronic device;
9.   Failing to control the vehicle;
10.   Failing to take proper evasive action;
11.   Taking faulty evasive action;
12.   Failing to act and/or respond in a reasonable manner; and
13.   Failing to control the speed of the vehicle.

Defendant, BHAVDIP GORDHAN BHAYANI, violated Section 545.060 of the Texas Transportation Code by failing to drive as nearly as practical entirely within a single lane and by moving from that lane when such movement could not be made safely. Such conduct proximately caused the collision in question. Plaintiff is within the class of persons the statute is designed to protect.

Defendant, BHAVDIP GORDHAN BHAYANI, violated Section 545.103 of the Texas Transportation Code by moving to the left on the roadway when such movement could not be made safely. Such conduct proximately caused the collision in question. Plaintiff is within the class of persons the statute is designed to protect.

Defendant, BHAVDIP GORDHAN BHAYANI, violated Section 545.351 of the Texas Transportation Code by driving at a speed greater than was reasonable and prudent under the circumstances then existing, by driving a vehicle at a speed greater than was reasonable and prudent under the then existing conditions and having regard for actual and potential hazards then existing, and by failing to control the speed of his vehicle as necessary to avoid colliding with Plaintiff, who was on the highway in compliance with the law and the duty of each person to use due care. Such conduct by Defendant, BHAVDIP GORDHAN BHAYANI, proximately caused the collision in question. Plaintiff is within the class of persons the statute is designed to protect.

Plaintiff's Original Petition                                                                                       Page 5

Copy from re:SearchTX

Each of the foregoing acts of negligence and negligence per se was the proximate cause of the collision in question and the injuries and damages of Plaintiff.

## VI.

At the time and on the occasion in question, and immediately prior thereto, Defendant, STEADY FLEET LOGISTICS, committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries to and the damages of Plaintiff.

Defendant STEADY FLEET LOGISTICS's independent acts of negligence include, but are not limited to, the following:

1. Entrusting the subject truck to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject truck was unlicensed, incompetent, and/or reckless,

2. Hiring and continuing to retain an unsafe, unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unsafe, unlicensed, incompetent and/or reckless,

3. Failing to properly train, supervise and/or monitor Defendant, BHAVDIP GORDHAN BHAYANI,

4. Failing to comply with regulations and standards that are an element of the duty of care applicable to Defendant, STEADY FLEET LOGISTICS, or their employee, Defendant, BHAVDIP GORDHAN BHAYANI, which were a proximate cause of bodily injury to Plaintiff,

5. Failing to maintain the vehicle in a reasonably safe or prudent manner, and

6. Failing to comply with federal and state laws and regulations concerning drivers and the maintenance or repair of motor vehicles, including, but not limited to, 49 C.F.R. 300-399, Chapter 521.459 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, and Vernon's Texas Statutes and Codes Annotated, Transportation Code Titles 1, 2, and 7.

---

Copy from re:SearchTX

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiff.

## VII.

At the time and on the occasion in question, and immediately prior thereto, Defendant, STEADY FLEET LOGISTICS, was guilty of negligent entrustment and knew or should have known that Defendant, BHAVDIP GORDHAN BHAYANI, was a negligent and reckless driver.

## VIII.

Defendants or their agents undertook, either gratuitously or for their own benefit, obligations to hire, train, supervise, direct, instruct, and/or control the performance of workers and/or the operation of equipment or vehicles. Defendants knew or should have known that such hiring, training, supervision, direction, instruction, control, and/or operation was necessary for Plaintiff's protection. Defendants failed to exercise reasonable care in performing those obligations. Plaintiff or a third party relied on Defendants' performance, and Defendants' performance increased Plaintiff's risk of harm.

## IX.

Defendant, STEADY FLEET LOGISTICS, is liable for the damages proximately caused to Plaintiff by the conduct of Defendant, BHAVDIP GORDHAN BHAYANI, in that Defendant, STEADY FLEET LOGISTICS, was the employer of Defendant, BHAVDIP GORDHAN BHAYANI, on the date that Defendant, BHAVDIP GORDHAN BHAYANI, negligently injured Plaintiff, as alleged above, and Defendant, BHAVDIP GORDHAN BHAYANI, was acting within the course and scope of that employment when that injury

Copy from re:SearchTX

occurred or Defendant, STEADY FLEET LOGISTICS, had the right to control the activities of Defendant, BHAVDIP GORDHAN BHAYANI.

## X.

Defendants committed willful acts or omissions of gross negligence, having actual knowledge of an extreme risk of harm and consciously disregarding that risk, that were a proximate cause of the injuries to Plaintiff and the damages of Plaintiff, and for which Plaintiff is entitled to recover punitive damages, pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code. Furthermore, Defendants authorized the doing and the manner of the acts or omissions, Defendants recklessly employed an unfit agent and/or employee, Defendants employed a vice-principal or one who was in a managerial capacity and was acting in the scope of employment when they committed the acts or omissions, and/or Defendants or a vice-principal or manager of Defendants ratified and/or approved the acts or omissions.

### DAMAGES FOR PLAINTIFF

## XI.

As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff was caused to suffer and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has incurred and seeks the following damages:

A.   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident,

B.   Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future,

---

Plaintiff's Original Petition                                                                    Page 8

Copy from re:SearchTX

C.     Physical pain and suffering in the past,

D.     Physical pain and suffering which, in reasonable probability, will be suffered in the future,

E.     Mental anguish in the past,

F.     Mental anguish which, in reasonable probability, will be suffered in the future,

G.     Physical impairment in the past,

H.     Physical impairment which, in reasonable probability, will be suffered in the future,

I.     Disfigurement in the past,

J.     Disfigurement which, in reasonable probability, will be suffered in the future,

K.     Loss of earnings in the past,

L.     Loss of earning capacity which, in reasonable probability, will be incurred in the future,

M.     Exemplary damages.

By reason of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.  In accordance with Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief over $1,000,000.00.

---

Plaintiff's Original Petition          Page 9

Copy from re:SearchTX

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, punitive damages; costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

GOUDARZI & YOUNG, L.L.P.
3522 Fourth Street
Longview, Texas 75605
Telephone:  (903) 843-2544
Facsimile:   (903) 843-2026
E-Serve: goudarziyoung@goudarzi-young.com

By: _____
Brent Goudarzi
State Bar No. 00798218
Marty Young
State Bar No. 24010502
ATTORNEYS FOR PLAINTIFF

Copy from re:SearchTX